# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENT STUBBS, #M51378, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 18-cv-00408-SMY ) |
| HCUA CUNNINGHAM, DOCTOR SHAH, DOCTOR AHMED, JANE DOE, JANE DOE, JANE DOE, NICHOLAS LAMB, JOHN DOE, JOHN DOE, OFFICER BOWKER, OFFICER JOHNSON, STANLEY EUGENE, LOUIS SHICKER and JOHN BALDWIN, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kent Stubbs, an inmate who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff alleges that he suffered a debilitating back injury when he fell from his top bunk on April 10, 2017. (Doc. 1, pp. 13-22). He further alleges that following the injury, he was denied adequate medical care and reasonable accommodations at Lawrence. *Id*. Plaintiff now brings claims against prison officials for violating his rights under the Eighth Amendment, Americans with Disabilities Act ("ADA") and Illinois state law. *Id*. He seeks monetary damages and injunctive relief. (Doc. 1, p. 23).

1

The Complaint[1] is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.

## The Complaint

Plaintiff alleges the following in the Complaint: On April 10, 2017, Plaintiff fell from his top bunk at Lawrence. (Doc. 1, p. 13). As Plaintiff climbed down from his bed, he lost his balance and fell backwards. *Id*. He felt his back pop when he hit the floor, and he could barely

---

[1] This case has a complicated procedural history. Just 8 days after filing the instant action, Plaintiff filed a second complaint that was used to open *Stubbs v. Cunningham, et al.*, No. 18-484-DRH (S.D. Ill. Feb. 23, 2018). The second complaint was in poor condition and lacked a signature page. (Doc. 1). However, it involved the same defendants as the Complaint he filed in this case. *Id*. Plaintiff was ordered to submit a signed complaint in the new case by April 16, 2018. (Doc. 6). Instead, he filed a Notice in both cases on April 16, 2018. (Doc. 8). There, Plaintiff explained that the second complaint should have been filed as an *amended* complaint in the instant case, rather than being used to open a new case. *Id*. Accordingly, the new case was administratively closed, and Plaintiff was ordered to file a properly signed amended complaint in this case on or before May 16, 2018. (Doc. 9). Prior to that deadline, Plaintiff notified the Court that he wished to rely on the original Complaint. (Doc. 1).

move.  *Id*.  A large knot formed on his head.  *Id*.  Plaintiff's left wrist and finger began swelling. *Id*.

A unit officer (John Doe 1) responded to Plaintiff's cries for help by notifying a lieutenant (John Doe 2) and nurse (Jane Doe 1) about his injuries.  (Doc. 1, p. 13).  Lieutenant Doe 2 called for a stretcher, while Nurse Doe 1 examined Plaintiff.  *Id*.  When the nurse learned how Plaintiff was injured, she told Lieutenant Doe 2 that the prison "really should have ladders on the beds [because she has] seen more and more inmates fall and hurt themselves."  *Id*.

After learning that a stretcher was unavailable, the three prison officials lifted Plaintiff into a wheelchair, causing him to suffer from additional pain in his lower back.  (Doc. 1, p. 13). Plaintiff was taken to the prison's health care unit ("HCU") where a nurse took x-rays of his head, back and hand.  (Doc. 1, p. 14).

Doctor Shah met with Plaintiff to review the x-rays the same day and told him that the x-rays showed no fractures.  (Doc. 1, p. 14).  When the doctor prepared to send Plaintiff back to his cell, Plaintiff insisted that he could not move without the help of a medical professional because he was in severe pain.  *Id*.  Doctor Shah agreed to keep Plaintiff in the HCU where he was issued a wheelchair, a low bunk/low gallery permit and pain medication.  *Id*.

The following morning, Plaintiff was placed in an ADA cell with no cellmate or ADA attendant.  (Doc. 1, p. 14).  Plaintiff again fell and injured himself when he tried to get a drink of water that night.  *Id*.  Unable to move, he lay on the floor waiting for help.  *Id*.  For hours, no one passed by his cell.  *Id*.  Plaintiff repeatedly soiled himself in the process.  *Id*.  He missed breakfast and lunch the following day as he continued to wait.  (Doc. 1, p. 15).

Around noon on April 12, 2017, Officer Bowker finally made rounds.  (Doc. 1, p. 15). Plaintiff told the officer about his injuries and asked for immediate medical attention.  *Id*.  The

3

officer instructed him to submit his request for medical care in writing. *Id*. Officer Bowker then left and did not return during his shift. *Id*. While continuing to wait for help, Plaintiff became weak, nauseous and dehydrated. (Doc. 1, p. 15). He lay in his cell for 14 more hours with nothing to eat or drink. *Id*. Plaintiff soiled himself several more times. *Id*.

Following the shift change, Plaintiff spoke with another officer, who understood that his situation presented an emergency. (Doc. 1, p. 15). Plaintiff was taken on a stretcher to a local hospital where he was evaluated and sent back to the prison several hours later with ibuprofen (200 mg). *Id*. Plaintiff returned to an ADA cell with no attendant. (Doc. 1, p. 16). He sustained further injuries while trying to get out of bed on April 30, 2017. *Id*. Officer Johnson and the medical staff denied him emergency medical care. *Id*.

On May 7, 2017, Plaintiff began filing grievances to complain about the unsafe beds and inadequate medical care. (Doc. 1, p. 16). In response, Officer Johnson "harassed and retaliated"[2] against him. *Id*. Plaintiff filed several emergency grievances seeking to transfer away from Officer Johnson's wing, and the prison's placement officer[3] granted his request. *Id*.

Doctor Ahmed took over Plaintiff's care on May 24, 2017. (Doc. 1, pp. 16-17). Plaintiff describes the care he received from the doctor as inadequate. *Id*. During their first meeting, Doctor Ahmed failed to examine Plaintiff or renew his prescription pain medication. (Doc. 1, p. 17). The prescription expired two days later. *Id*. Despite submitting dozens of additional requests for emergency medical treatment, pain medication and an attendant, Plaintiff was denied all further treatment by Doctor Ahmed, HCU Administrator Cunningham, and Warden Lamb. (Doc. 1, pp. 17-18).

---

[2] Plaintiff offers no other information regarding the alleged harassment and retaliation.

The only exception was a 2-month course of physical therapy beginning on or around June 20, 2017. (Doc. 1, p. 18). During his final session on August 18, 2017, the physical therapist (Jane Doe 2) was accompanied by an assistant (Jane Doe 3), who mistreated Plaintiff and made him perform painful movements. *Id*. At the end of the session, Jane Doe 3 recommended canceling all further physical therapy. (Doc. 1, pp. 18-19).

Doctor Shah subsequently denied Plaintiff's requests for pain medication, a seat cushion, a back brace and a referral to a specialist. (Doc. 1, pp. 21-22). He would not interfere with Doctor Ahmed's treatment plan for Plaintiff. (Doc. 1, p. 22).

Plaintiff's subsequent requests for medical care, including a referral to an outside specialist, were ignored until he filed grievances in late October 2017 to complain about the alleged deliberate indifference and neglect by Doctor Ahmed, HCU Administrator Cunningham and Warden Lamb. (Doc. 1, p. 19). Only after filing grievances against high-ranking officials did Plaintiff begin receiving pain medication, an ADA attendant and a permit for the ADA gym. (Doc. 1, pp. 19-20). Even so, prison officials have continued to deny him a "pusher." *Id*. Without one, Plaintiff is unable to access the chow hall, ADA gym and other services at Lawrence. (Doc. 1, p. 20). He remains confined to a wheelchair and is "unable to perform the most basic functions." *Id*.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to re-characterize the claims in the Complaint into the following enumerated counts:

**Count 1** -  Defendants were deliberately indifferent to Plaintiff's serious medical needs following his fall from a bunk bed at Lawrence on April 10, 2017, in violation of the Eighth Amendment.

**Count 2** -  Defendants failed to provide Plaintiff with reasonable accommodations for his disabilities beginning on April 20, 2017, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C. §§ 794-94e.[4]

**Count 3 -**  Defendants were negligent in their treatment of Plaintiff following his fall from a bunk bed at Lawrence on April 10, 2017, in violation of Illinois state law.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  **Any claims not identified above but encompassed by the allegations in the Complaint are considered dismissed without prejudice from this action for failure to satisfy the *Twombly* pleading standard.**

### Count 1

The Eighth Amendment prohibits the cruel and unusual punishment of prisoners.  U.S. CONST., amend VIII.  All Eighth Amendment claims consist of an objective and a subjective element.  *Wilson v. Seiter*, 501 U.S. 294, 302-04 (1991); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005); *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994).  In this case, both elements are satisfied for screening purposes against several defendants.

In the medical context, the objective component requires the plaintiff to show that he suffered from a sufficiently serious medical condition; one that is "diagnosed by a physician as requiring treatment, or [is] . . . so obvious a layperson would easily recognize the necessity for medical attention."  *Gutierrez v. Peters*, 111 F.3d 1364, 1372-73 (7th Cir. 1997).  Plaintiff describes serious pain and a complete loss of mobility that resulted from his fall from a bunk bed

---

[4] Plaintiff does not invoke the Rehabilitation Act in the Complaint.  However, at this early stage in litigation, the Court must consider all of Plaintiff's potential claims.  For this reason, the Court will analyze the disability-related claim under the ADA and the Rehabilitation Act.  *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012); *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667 (7th Cir. 2012).

at Lawrence. These allegations satisfy the objective component of this claim for screening purposes.

The allegations must also satisfy the subjective component, which requires a showing that each defendant acted with deliberate indifference, *i.e.*, that he or she acted or failed to act despite having knowledge of a substantial risk of serious harm to the inmate. *Farmer v. Brennan*, 511 U.S. 834, 842 (1994). Plaintiff's allegations satisfy this standard against the following Defendants: Warden Lamb, HCU Administrator Cunningham, Doctor Shah, Doctor Ahmed, Officer Bowker, and Officer Johnson.

However, Count 1 must be dismissed against Jane Doe 1 (unit nurse), Jane Doe 2 (physical therapist), Jane Doe 3 (physical therapist assistant), John Doe 1 (unit officer), and John Doe 2 (lieutenant). According to Plaintiff's allegations, each of these defendants took steps to help Plaintiff secure medical care after learning of his injuries. They did not deny him treatment or respond with deliberate indifference. The fact that these defendants may have fallen short of providing the best possible care does not support a deliberate indifference claim, nor does the fact that Plaintiff experienced pain during treatment. At best, these actions may amount to negligence, which is not actionable under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).

Count 1 will also be dismissed against the "high-ranking officials" who were not involved in the alleged constitutional violations at all, including Stanley Eugene (Wexford CEO), Louis Shicker (IDOC Medical Director), and John Baldwin (IDOC Director). Plaintiff also does not allege that he complained to them or that they created or implemented a policy or practice that resulted in the denial of adequate medical care. These individuals were apparently named only because of their supervisory roles in the prison system. However, their positions, alone, do

not support a claim under § 1983 against them. This is because "[t]he doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).

In summary, Count 1 will receive further review against Warden Lamb, HCU Administrator Cunningham, Doctor Shah, Doctor Ahmed, Officer Bowker, and Officer Johnson. However, this claim shall be dismissed without prejudice against all other defendants.

**Count 2**

Plaintiff's claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and/or the Rehabilitation Act, 29 U.S.C. §§ 794-94e, shall receive further review. Title II of the ADA provides that "no qualified individual with a disability shall, because of that disability . . . be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2006). The Rehabilitation Act prohibits discrimination by entities receiving federal funding (such as state prisons) against qualified individuals based on a physical or mental disability. *See* 29 U.S.C. §§ 794-94e. Discrimination under both statutes includes the failure to accommodate a disability. *Jaros*, 684 F.3d at 671.

According to the Complaint, Plaintiff was confined to a wheelchair without an ADA attendant or access to the prison's programs and services because of his disability. Plaintiff's

allegations sufficiently suggest that he is a qualified individual with a disability and subject to discrimination at the prison. Accordingly, Count 1 is subject to further review.

That said, this claim cannot proceed against the individual defendants named in this action. Individual employees of the IDOC cannot be sued under the ADA or Rehabilitation Act. *Jaros*, 684 F.3d at 670 n. 2 (citing 29 U.S.C. § 794(b); 42 U.S.C. § 12131). The proper defendant is the relevant state department or agency, such as the IDOC or its director acting in his or her official capacity. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670 n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his or her official capacity)). Plaintiff has named John Baldwin, the IDOC Director, as a defendant in his official capacity. Count 2 will proceed against this Baldwin and be dismissed with prejudice against all other defendants.

**Count 3**

Allegations of negligence do not support a claim under § 1983. *Daniels*, 474 U.S. at 328; *Zarnes*, 64 F.3d at 290. Rather, negligence claims arise under Illinois state law. Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)). Although this Court has supplemental jurisdiction over the state law negligence claim pursuant to § 1367(a), this is not the end of the Court's analysis.

Under Illinois law, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a).[1] A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. § 5/2-622(b).

Failure to file the required certificate/affidavit is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). Whether such dismissal should be with or without prejudice is within the discretion of the court. *Sherrod*, 223 F.3d at 614. However, "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her

---

[1] The August 25, 2005, amendments to a prior version of this statute were held to be unconstitutional in 2010. *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety). After *Lebron*, the previous version of the statute continued in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010). The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. § 5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section. *See* notes on Validity of 735 ILL. COMP. STAT. § 5/2-622 (West 2013).

action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

In the instant case, Plaintiff has failed to file the necessary affidavit/certificate and report. Therefore, Count 3 shall be dismissed. However, the dismissal will be without prejudice at this time, and Plaintiff may revive the claim by filing the affidavit/certificate within 90 days (**on or before October 10, 2018**). Should Plaintiff fail to timely file the required affidavits, the dismissal of Count 3 shall become a dismissal with prejudice upon the expiration of this deadline. *See* FED. R. CIV. P. 41(b).

### Pending Motions

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) shall be **REFERRED** to a United States Magistrate Judge for a decision.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **GRANTED**. The Court will order service of this lawsuit on the defendants in the below disposition.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is subject to further review against Defendants **LAMB, CUNNINGHAM, SHAH, AHMED, BOWKER,** and **JOHNSON**. This claim is **DISMISSED** without prejudice against all other defendants for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 2** is subject to further review against Defendant **JOHN BALDWIN**, in his official capacity only. This claim is **DISMISSED** with prejudice against all other defendants for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 3** is **DISMISSED** without prejudice for failure to state a

claim upon which relief may be granted. If Plaintiff wishes to revive the Illinois negligence claim in Count 3, he is hereby **ORDERED** to file the required affidavits within 90 days (**on or before October 10, 2018**). Should Plaintiff fail to timely file the required affidavits, the dismissal of Count 3 shall become a dismissal with prejudice. *See* 735 ILL. COMP. STAT. § 5/2-622; FED. R. CIV. P. 41(b).

**IT IS ORDERED** that Defendants **JANE DOE 1** (unit nurse), **JANE DOE 2** (physical therapist), **JANE DOE 3** (physical therapist assistant), **JOHN DOE 1** (unit officer), **JOHN DOE 2** (lieutenant), **STANLEY EUGENE, LOUIS SHICKER,** and **JOHN BALDWIN** (in his individual capacity only) are **DISMISSED** without prejudice from this action because the Complaint fails to state any claim for relief against them.

As to **COUNTS 1** and **2,** the Clerk of Court shall prepare for Defendants **JOHN BALDWIN (official capacity only)**, **NICHOLAS LAMB, ADMINISTRATOR CUNNINGHAM, DOCTOR SHAH, DOCTOR AHMED, OFFICER BOWKER,** and **OFFICER JOHNSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the

Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 3).

Further, this entire matter is hereby **REFERRED** to United States Magistrate Judge **Daly** for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently

investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 12, 2018**

**s/ STACI M. YANDLE**
**District Judge**
**United States District Court**
