IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENT STUBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-CV-408-SMY-RJD |
| | ) | |
| HCUA CUNNINGHAM, DOCTOR | ) | |
| SHAH, DOCTOR AHMED, NICHOLAS | ) | |
| LAMB, OFFICER BOWKER, OFFICER | ) | |
| JOHNSON, and JOHN BALDWIN | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Reona J. Daly (Doc. 75), recommending that Dr. Vipin Shah's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 43) be granted. Plaintiff Kent Stubbs filed a timely objection to the Report (Doc. 77). For the following reasons, Judge Daly's Report is **ADOPTED**.

### Background

Stubbs filed suit on February 15, 2018 pursuant to 42 U.S.C. § 1983, claiming Defendants were deliberately indifferent to his medical needs and failed to accommodate those needs (Docs. 1, 11). He alleges that on April 10, 2017, while housed at the Lawrence Correctional Center, he fell from his top bunk and suffered a debilitating back injury that was not treated appropriately. He claims that although he received some medical treatment for his injuries, he was given no assistance to eat, drink, and perform self-care for many days. He also alleges that for months, he was denied pain medication, a referral to a specialist, appropriate physical therapy, and various

medical devices and permits.

Stubbs submitted numerous emergency grievances and copies of those grievances to prison authorities in May and June 2017: A May 7, 2017 grievance discussed the fall on April 10, 2017 and the lack of safety features on the bunks; a May 8, 2017 grievance discussed his placement in a handicap accessible cell by Dr. Shah with no assistant to help him move, get food, or use the toilet; another May 8, 2017 grievance again discussed the fall and injury and stated that the medication he received was not working. The prison warden responded to each of these emergency grievances within 10-11 days and found that they were not emergencies. Before receiving responses from the warden, Stubbs submitted the grievances to the Administrative Review Board ("ARB"), which told him to submit the grievances in the normal manner. Stubbs attempted to do so, but the grievances were rejected as untimely by his counselor, the grievance officer, the warden, and the ARB.

Stubbs submitted identical grievances on June 4 and 7, 2017, which stated that Dr. Shah had prescribed a pain medication that didn't work, that he then prescribed medication that helped a little, but that Dr. Ahmed discontinued that medication. It is undisputed that the June 7, 2017 grievance was fully exhausted.

Stubbs also submitted two grievances in October 2017 related to the lack of medical care; only one of which – the October 23, 2017 grievance – was fully exhausted. Both grievances discussed the lack of medical care and named various health personnel. However, neither grievance mentioned Dr. Shah.

Dr. Shah moved for summary judgment, arguing that Stubbs failed to exhaust administrative remedies prior to filing suit (Doc. 43). Stubbs filed a response (Doc. 49).

**Discussion**

Magistrate Judge Daly held a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) on August 7, 2019 and subsequently issued her Report setting forth the evidence presented by the parties, the applicable law, the requirements of the administrative process, and her conclusions. Judge Daly concluded that Stubbs failed to fully exhaust the grievances submitted on May 7, May 8 and October 18, 2017. She further concluded that while Stubbs did fully exhaust the June 7 and October 23, 2017 grievances, they did not alert the prison of his complaints against Dr. Shah. As a result, Judge Daly recommends that Dr. Shah's Motion be granted and that Stubbs' claims against him be dismissed without prejudice for failure to exhaust administrative remedies.

Because Stubbs filed an objection, the undersigned will undertake a *de novo* review of the Report as to those defendants. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the Court to "give fresh consideration to those issues to which specific objections have been made" and to make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Id*.

For his objection, Stubbs argues that Judge Daly erred in finding he did not fully exhaust the May 2017 grievances and the October 18, 2017 grievance. He acknowledges however, that only the grievance identified as "E398" and submitted on May 8, 2017 concerned Dr. Shah. As such, Stubbs has conceded that is the only grievance related to his deliberate indifference claim against Dr. Shah. The grievance stated that after April 12, 2017, Dr. Shah placed Stubbs in a handicap accessible cell with no assistance even though he was unable to care for himself (Doc.

77, pp. 16-18). The grievance also stated that Stubbs subsequently injured himself while trying to get water and was not able to move or go to the dining hall for meals, that he was prone for at least 16 hours and urinated on himself 3 times, and that he suffered significant back pain.

The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before filing suit. 42 U.S.C. § 1997e(a). Proper exhaustion requires that inmates file complaints and appeals in the place, at the time, and in the manner the prison's administrative rules require. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). Applicable regulations required Stubbs to submit his grievance in the normal manner once the Warden determined that the grievance was not an emergency. 20 Ill.Comp.Stat. § 504.840(c). The regulations also required that normal grievances must be submitted "within 60 days after the discovery of the incident, occurrence or problem that give rise to the grievance." *Id*. § 504.810(a). An inmate forfeits the grievance process when he causes the unavailability of a remedy by not timely filing or appealing a grievance. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Stubbs does not dispute Judge Daly's description of how and when he submitted the May 8, 2017 grievance for consideration. The grievance was submitted as an emergency to the warden on May 8, 2017. On May 18, 2017 the warden determined that the grievance was not an emergency and directed Stubbs to "submit the grievance in the normal manner." Instead of submitting the grievance in the normal manner, i.e. to his counselor, Stubbs mailed the grievance to the ARB. On July 6, 2017, the ARB returned the grievance to Stubbs because it did not contain institutional responses from his counselor, the grievance officer and the warden. Thereafter, Stubbs submitted the grievance to his counselor. By this time, approximately 117 days had passed since the date of the incident and the date of submission to the counselor. Therefore, the counselor, grievance officer, warden, and ultimately the ARB found that the grievance was untimely.

By failing to timely submit his grievance and set forth above, Stubbs did not properly exhaust the May 8, 2017 grievance or the other grievances submitted in May, 2017.[1] The process was not rendered unavailable by Stubbs' appeal of his emergency grievances or through any action by prison officials; he simply did not submit timely grievances in the manner outlined by the Administrative Code.

Stubbs also discusses the October 18, 2017 grievance in his objection but does not challenge Judge Daly's conclusion that the grievance does not concern Dr. Shah. Because the purpose of a grievance is to alert prison officials to a problem to give them a fair opportunity to address it prior to litigation, the October 18, 2017 grievance does not exhaust Stubbs' claim against Dr. Shah. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006).

## Conclusion

For the above reasons, Judge Daly's Report (Doc. 74) is **ADOPTED** in its entirety. Accordingly, Defendant Shah's motion for summary judgment is **GRANTED** (Doc. 43) and Dr. Shah is **DISMISSED from this action without prejudice**.

**IT IS SO ORDERED.**

**DATED: September 11, 2019**

**STACI M. YANDLE**
**United States District Judge**

---

[1] Stubbs refers to four grievances submitted in May, 2017 in his objection. The fourth grievance dated May 8, 2017 and identified as "E400" is unrelated to this lawsuit.