IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENT STUBBS,<br><br>    Plaintiff,<br><br>v.<br><br>HCUA CUNNINGHAM, DR. SHAH, DR. AHMED, NICHOLAS LAMB, OFFICER BOWKER, OFFICER JOHNSON, and JOHN BALDWIN<br><br>    Defendants. | Case No. 18-CV-408-RJD |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion to Proceed as a Poor Person upon Appeal (Doc. 88). For the reasons set forth below, the Motion is **DENIED**.

**Background**

Plaintiff, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this action pursuant to 42 U.S.C. § 1983 alleging he sustained injuries due to fall while he was incarcerated at Lawrence Correctional Center, and was provided inadequate medical care for those injuries. Following a threshold review of Plaintiff's complaint under 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on the following claims:

Count One: Defendants Lamb, Cunningham, Shah, Ahmed, Bowker, and Johnson were deliberately indifferent to Plaintiff's serious medical needs following his fall from a bunk bed at Lawrence on April 10, 2017, in violation of the Eighth Amendment.

Count Two: Defendant Baldwin failed to provide Plaintiff with reasonable accommodations for his disabilities beginning April 20, 2017, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 794-94e.

On December 28, 2018, Defendant Dr. Shah filed a motion for summary judgment for failure to exhaust administrative remedies (Doc. 43). Defendant's motion was granted by District Judge Staci M. Yandle on September 11, 2019, and Dr. Shah was dismissed without prejudice (Doc. 80).

Plaintiff filed a notice of appeal on October 3, 2019 (Doc. 83). The motion to appeal in forma pauperis that is now before the Court was filed on October 16, 2019 (Doc. 88).

## **Discussion**

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); FED. R. APP. P. 24(a)(3)(A). *See also Walker v. O'Brien*, 216 F.3d 626, 630-31 (7th Cir. 2009). An appeal is taken in good faith if it seeks review of an issue that is not clearly frivolous, meaning that a reasonable person could suppose it to have at least some legal merit. *Walker*, 216 F.3d at 622 (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)). The motion to proceed IFP must be supported by an affidavit that: (1) shows the party's inability to pay or to give security for fees and costs; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal. *See* FED. R. APP. P. 24(a)(1).

Although the Court has no doubt that Plaintiff is indigent, the Court finds that Plaintiff's appeal in this instance is not taken in good faith because it is frivolous. Plaintiff has appealed a non-appealable order. The Order is not final as it dismissed only Plaintiff's claim against Dr. Shah without prejudice. No judgment in favor of Dr. Shah has been entered. The Order did not dismiss Plaintiff's case and is not an appealable final decision of the District Court under 28 U.S.C. § 1291. Further, the contents of the Order does not fall into any of the provisions of 28 U.S.C. § 1292 for an interlocutory appeal. For these reasons, the Court **DENIES** Plaintiff's

Motion to Proceed as a Poor Person upon Appeal (Doc. 88).

One additional note about jurisdiction is in order. Ordinarily, an appeal to the Court of Appeals "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *accord May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000). However, a deficient notice of appeal does not divest the district court of jurisdiction. *Gilda Indus. Inc. v. United States*, 511 F.3d 1348, 1350 (Fed. Cir. 2008). Where it is clear to the district court that a notice of appeal is deficient because it is untimely, lacks essential recitals, or seeks review of a non-appealable order, the district court may disregard the notice of appeal. *Id.* (citing *Ruby v. Secretary of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) (*en banc*)). Because the Court finds Plaintiff's notice of appeal is deficient as it seeks review of a non-appealable order, the notice does not divest the district court of jurisdiction.

The Court **DIRECTS** the Clerk of Court to send a copy of this order to the Court of Appeals for use in conjunction with Appeal No. 19-2932.

**IT IS SO ORDERED.**

**DATED: January 8, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**