IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENT STUBBS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 18-cv-408-RJD |
| | ) |
| HCUA CUNNINGHAM, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

    Plaintiff Kent Stubbs, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center ("Lawrence"). Plaintiff alleges he fell from his top bunk on April 10, 2017. Plaintiff sustained injuries to his back, head, and left wrist and finger. Plaintiff alleges he was provided inadequate medical treatment to address his injuries. Plaintiff is proceeding on the following claims:

    Count One:   Defendants Lamb, Cunningham, Ahmed, Bowker, and Johnson were deliberately indifferent to Plaintiff's serious medical needs following his fall from a bunk bed at Lawrence on April 10, 2017, in violation of the Eighth Amendment.

    Count Two:   Defendant Baldwin failed to provide Plaintiff with reasonable accommodations for his disabilities beginning April 20, 2017, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 794-94e.

    Now before the Court is Plaintiff's Motion for Injunction (Doc. 87), and Motion to Amend the Complaint (Doc. 94). For the reasons set forth below, Plaintiff's motions are **DENIED**.

## MOTION TO AMEND THE COMPLAINT (Doc. 94)

Plaintiff seeks leave to amend his complaint to add Dr. Myers, a senior doctor at Pinckneyville Correctional Center, and Stanley Eugene, CEO of Wexford Health Sources, Inc., as defendants. Plaintiff alleges that upon his transfer to Pinckneyville in August 2018, he repeatedly complained of lower back pain to Dr. Myers and requested more effective pain medication and asked to see a specialist. Plaintiff alleges he received physical therapy for about six months, but the pain in his back has only increased. Despite his requests for further treatment, Plaintiff alleges Dr. Myers refuses to do any additional testing or refer him to a specialist.

Plaintiff further alleges that the prison doctors are denying and delaying him access to adequate medication and medical treatment on the orders of Wexford. Plaintiff contends Wexford has turned a blind eye to his medical needs in an effort to avoid a medical determination that might negatively affect its financial interests.

Defendant Dr. Shah (who has been dismissed from this action) filed a response in opposition to Plaintiff's motion to amend. At the outset, the Court rejects Dr. Shah's argument that Plaintiff's motion to amend must be denied because Plaintiff had filed an appeal in this lawsuit to the Seventh Circuit Court of Appeals. This argument must be rejected because Plaintiff is no longer proceeding on his appeal (*see* Doc. 120). Defendant Shah also contends Plaintiff's request should be denied as untimely and prejudicial as it will require the parties to engage in additional discovery to determine exhaustion and the merits of Plaintiff's claims.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir.

1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) (quoting *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985)) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence."). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

When considering whether a proposed amendment is unduly delayed, courts look to the similarity of the factual basis for the claims in the original complaint to the newly-asserted claims, the moving party's explanation for their delay in raising the new claims, and whether granting the motion to amend will require new or duplicated discovery efforts. *See, e.g., Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861-62 (7th Cir. 2001). Delay alone, however, "is usually not sufficient to deny a motion for leave to amend," *Arrigo v. Link*, 836 F.3d 787, 797 (7th Cir. 2016). Indeed, delay "must be coupled with some other reason" — typically, prejudice to the nonmoving party. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004).

Pursuant to the Scheduling and Discovery Order in this matter (Doc. 38), motions for leave to amend the pleadings, including the addition of parties, were to be filed by March 15, 2019. Plaintiff's motion was filed almost seven months *after* this deadline. Moreover, Plaintiff's motion was filed just days before the close of discovery. Plaintiff has not provided any reason for the delay in seeking leave to amend. Thus, the Court finds Plaintiff's motion is untimely. The Court also finds that allowing Plaintiff to amend at this late juncture would duplicate discovery

efforts and necessarily delay the litigation. Indeed, discovery would, in effect, begin anew as the claims against Dr. Myers and Wexford (Eugene Stanley) would need to be explored. Although the allegations Plaintiff seeks to include are related to this action, they occurred in a different institution and relate to a different time period. For these reasons, the Court finds Plaintiff's motion is untimely and will prejudice Defendants. Plaintiff's Motion to Amend is **DENIED**.

## MOTION FOR INJUNCTION (Doc. 87)

In this motion, which the Court construes as a request for a preliminary injunction, Plaintiff asks the Court to order Defendant Baldwin and non-defendant Dr. Myers to refer him to a specialist to evaluate his back injury and provide the appropriate course of treatment.

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). If Plaintiff meets his burden, the Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be

"narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

In this instance, the Court's analysis of whether Plaintiff met his threshold burden of demonstrating a need for a preliminary injunction is curtailed in light of his transfer from Lawrence to his current institution, Pinckneyville Correctional Center. Plaintiff submitted a notice of change of address with the Court on September 4, 2018 (*see* Doc. 22). Plaintiff remains incarcerated at Pinckneyville to date. It is well established that when a prisoner is transferred or released from IDOC custody his claims for injunctive relief are moot. *See Easterling v. Pollard*, 528 F.App'x 653, 656 (7th Cir. 2013) (citing *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012); *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011)); *see also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Said relief is moot unless the prisoner "can demonstrate that he is likely to be retransferred." *Higgason*, 83 F.3d at 811 (citation omitted); *see also Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011). Here, there is no evidence that Plaintiff is likely to be transferred back to Lawrence. Moreover, each of the defendants named in relation to Plaintiff's claim concerning his healthcare are all employed at Lawrence. John Baldwin, the IDOC Director, is only named in connection with Count Two, Plaintiff's ADA claim, which is not related to Plaintiff's request for preliminary injunctive relief.

Accordingly, Plaintiff's Motion for Injunction (Doc. 87) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 10, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**