IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENT STUBBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.   18-cv-408-RJD |
| | ) |
| HCUA CUNNINGHAM, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is now before the Court on Plaintiff's Motion to Reconsider Appointment of Counsel (Doc. 133) and Motion for an Order to Compel Discovery (Doc. 134). For the reasons set forth below, the motion for reconsideration of counsel is **DENIED**, and the motion to compel is **GRANTED IN PART AND DENIED IN PART**.

**Motion to Reconsider Appointment of Counsel (Doc. 133)**

In this motion, Plaintiff asks that the Court reconsider its previous decisions denying him counsel due to his change in circumstance. More specifically, Plaintiff explains he has been released from prison and placed in a halfway house for 90 days. Plaintiff asserts he is not allowed to engage in any outside movement because he is on house arrest and, as such, he does not have access to legal material. Plaintiff also explains he is no longer receiving any help from the prison law clerk, and he has only limited knowledge of the law.

Plaintiff's request for counsel has been denied by the Court numerous times as he has demonstrated his knowledge of the law and the legal process, and is able to articulate clearly and effectively. Although the Court recognizes Plaintiff's concerns due to his change in circumstance

and his release from prison, the Court notes that Plaintiff has already filed his response to the pending motions for summary judgment and no further filings on his part are expected or required until a ruling on the motions is entered. If this case survives summary judgment, the Court will reconsider its decisions with regard to recruitment of counsel. For these reasons, Plaintiff's Motion to Reconsider (Doc. 133) is **DENIED**.

## Motion for an Order to Compel Discovery (Doc. 134)

In this motion, Plaintiff asks for an order compelling Defendant Ahmed to produce documents and provide any and all discovery requested. Plaintiff complains he served discovery on Defendant Ahmed on July 26, 2019, but did not received responses until January 16, 2020, when Defendant Ahmed filed his motion for summary judgment. Plaintiff also complains that Defendant Ahmed did not provide any documents and objected to interrogatory requests 1, 4, 5, 8, 9, 12, 13, 14, 17, 18, 20, 21(c), 21(d), 22, and 23. Plaintiff asserts that because Defendant Ahmed did not timely respond to his interrogatories, his objections should be waived. Attached to his motion, Plaintiff included his letters to counsel as well as his interrogatories directed to Defendant Ahmed and Ahmed's responses thereto.

Defendant Ahmed asserts he mailed his answers and objections to Plaintiff's interrogatories on October 15, 2019. Pursuant to an order of this Court, the discovery deadline was extended until November 19, 2019. Defendant remarks that Plaintiff's letter to counsel regarding discovery was sent on April 24, 2020, more than five months after the close of discovery. Plaintiff also sent another letter to Ahmed's counsel on June 1, 2020. Defendant argues the delay in providing his discovery responses was not willful and, because the responses were served before Plaintiff's deposition, Plaintiff was not prejudiced.

Defendants Bowker, Cunningham, Jeffreys, Johnson, and Lamb ("IDOC Defendants")

also responded to Plaintiff's motion to compel. Defendants explain that although Plaintiff's motion does not directly mention them, Plaintiff included a letter he sent to counsel for the IDOC Defendants dated June 1, 2020, in which Plaintiff complains that Defendants failed to respond to written discovery served on July 26, 2019. Counsel for the IDOC Defendants reviewed this case file and determined Plaintiff had served interrogatories and requests to produce in July 2019, and through inadvertent error, counsel failed to provide the IDOC Defendants' responses. Counsel represents she has been working to complete and serve the responses, but will need until September 4, 2020 to do so.

First, the Court considers Plaintiff's motion as it relates to Defendant Dr. Ahmed. Although Dr. Ahmed's responses were delayed, he represents they were provided in October 2019. The Court recognizes Plaintiff's position that he did not receive them until January 2020, when Dr. Ahmed filed his motion for summary judgment.

As a preliminary matter, the Court addresses the proper scope of discovery. The scope of discovery is set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure. The current language of the Rule provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The Supreme Court has cautioned that the requirement under Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery where necessary. *Herbert v. Lando*, 441 U.S. 153,

177 (1979); *see also Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 320 (7th Cir. 2003). Further, the Court has broad discretion when reviewing a discovery dispute and "should independently determine the proper course of discovery based upon the arguments of the parties." *Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996). Indeed, courts *must*, on motion or *on its own*, limit the frequency or extent of discovery otherwise allowed if said discovery is outside the scope permitted by Rule 26(b)(1). FED. R. CIV. P. 26(b)(2)(C).

In consideration of Plaintiff's argument that Defendant Dr. Ahmed's objections should be deemed waived due to the untimeliness of their responses, the Court looks to Federal Rule of Civil Procedure 33, which provides that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." The Court acknowledges Defendant Ahmed has not set forth, with any particularity, an excuse for his delay in responding to Plaintiff's requests. However, the Court is still obligated to limit discovery that is beyond the scope of Rule 26(b)(1). In this instance, several of Plaintiff's requests to which Defendants objected are clearly beyond the allowable scope of Rule 26(b)(1). The Court has reviewed Plaintiff's requests and Defendant's responses thereto, and finds that Defendant Dr. Ahmed responded in good faith and set forth objections as appropriate. Because the Court finds Defendant Dr. Ahmed's interrogatory responses were adequate and his objections were appropriate, and noting that Plaintiff was not prejudiced by the delay in serving said responses, Plaintiff's motion to compel as to Dr. Ahmed is **DENIED**.

With regard to the IDOC Defendants, Plaintiff's motion is **GRANTED**. The IDOC Defendants shall provide their responses to Plaintiff's written discovery requests by September 4, 2020.

**IT IS SO ORDERED.**

**DATED: September 2, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly
United States Magistrate Judge**